IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| OCHOA POULTRY FARMS, INC., | : | **Case No. 08-03906 (GAC)** |
| | : | |
| Debtor | : | Chapter 11 |
| _____ | : | |
| | : | |
| | : | |
| OCHOA POULTRY FARMS, INC., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adv. No. 08-0156 (GAC) |
| | : | |
| JORGE CEBOLLERO, IRAIDA VENEGAS, | : | |
| and their Conjugal Partnership, | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

DECISION AND ORDER

Before the Court is a motion to dismiss this adversary proceeding filed by Jorge Cebollero, Iraida Venegas and their conjugal partnership ("Defendants")(dkt. #8) and the debtor's opposition (dkt. #12).

On October 27, 2008, the debtor filed this adversary proceeding against the Defendants, seeking damages for breach of contract and turnover of property of the estate. The debtor also seeks damages for an alleged violation of the automatic stay.

The debtor alleges that it entered into a Joint Venture Agreement with the defendants for the development and sale of industrial lots to be segregated from the debtor's land in Salinas, Puerto Rico. The debtor alleges that it agreed to contribute

1

eighty acres of land to the joint venture and that the defendants promised to contribute cash and to assist in liberating the property from the lien that encumbered it and to effect the segregation and sale of the lots. The debtor contends that the parties agreed to share the expenses and proceeds from the sale of the segregated lots, with a minimum guaranteed to the debtor. The debtor alleged that Seaboard Corporation ("Seaboard") had a mortgage on the property, with a balance of approximately $900,000.00 and that the defendants were to liberate the property from this mortgage.

The debtor alleges that the defendants breached the Joint Venture Agreement by failing to produce the funds to liberate the land and that Seaboard sought to foreclose on its lien in U.S. District Court. The debtor alleges that thereafter, the defendants, in violation of the express provisions of the Joint Venture Agreement, and in violation of their fiduciary duties to the debtor, purchased the judgment from Seaboard and proceeded to schedule a public sale of the debtor's property.

The debtor alleges that after the filing of the bankruptcy petition, the debtor's representative appeared at the scheduled public sale and delivered a copy of the Notice of Filing of the present case and defendants insisted on continuing the public sale, which was subsequently avoided and set-aside by the U.S. District Court.

The debtor contends that based on the defendants breach of the Joint Venture Agreement, pursuant to Clause 15, they are required to forfeit and surrender to the debtor all future economic interest in the property and the joint venture, as well as all rights over any permits, endorsements or authorizations pertaining to the project. The debtor also claims that the defendants are liable under the Puerto Rico Civil Code.

As to turnover of property, the debtor alleges that the defendants hold several promissory notes that were the object of the foreclosure proceeding and that they hold the judgment issued in the foreclosure proceeding. The debtor claims that these are property of the estate. Finally, the debtor alleges that the defendants actions in insisting on holding the public sale, despite the filing of the bankruptcy petition, violated 11 U.S.C. § 362.

On November 17, 2008, the defendants filed a motion seeking dismissal, claiming that the debtor failed to serve the complaint on defendant's counsel, in accordance with Fed. R. Bankr. P. 4001(a) and L.B.R. 9014 (dkt. #8). The defendants also argue that the debtor fails to allege sufficient facts to merit the remedies requested and that the debtor breached the Joint Venture Agreement. The defendants also claim that they did not violate the automatic stay, since the debtor never gave notice of the filing of the petition to the defendants nor to the U.S. Marshal, presiding over the auction.

3

As to the first allegation of the motion to dismiss, the Court concludes that neither Fed. R. Bankr. P. 4001(a) nor L.B.R. 9014 are applicable to adversary proceedings. The cited Federal Rule of Bankruptcy Procedure relates to motions seeking relief from stay or prohibiting or conditioning the use, sale or lease of property. Likewise, Local Bankruptcy Rule 9014 governs contested matters, not adversary proceedings. Summons were issued in this case on October 27, 2008 and debtor's counsel filed a notice of service of summons and complaint on October 30, 2008, indicating that the summons and complaint were served by first class mail in accordance with Fed. R. Bankr. P. 7004(b)(1). Accordingly, the Court will deny the defendants request for dismissal based on improper service.

As to the motion to dismiss on the merits, the defendants fail to submit an affidavit or cite any legal basis for the dismissal of the complaint. The defendants merely deny the allegations of the complaint and oppose the debtor's entitlement to the relief sought. If the Court were to assume that the defendants are moving under Fed. R. Civ. P. 12(b)(6), to survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief," id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1967 (2007)), and must contain factual allegations sufficient to "raise a right to relief above the speculative level." Morales-Tanon v. Puerto Rico Elec. Power Authority, 524 F.3d 15, 18 (1st Cir. 2008) (citing Twombly, 127 S.Ct. at 1965).

4

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Dismissal for failure to state a claim is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)).

The debtor has alleged that the defendants violated the Joint Venture Agreement by failing to provide capital to liberate the debtor's property from Seaboard's lien and that the defendants subsequently purchased the promissory note from Seaboard and sought to have the property sold in a public sale. The Court concludes that the allegations are sufficient to allege a plausible entitlement to relief under a breach of contract theory. The defendants deny that they breached the Joint Venture Agreement or that the debtor is entitled to damages or any other remedy. The determination of which party breached the agreement is the primary issue to be determined by the Court, subject to evidence. If it is determined that the defendants breached the agreement, the remedies

available to the debtor will be determined by the Joint Venture Agreement and statutory law. Accordingly, the motion to dismiss on the merits will be DENIED.

<u>ORDER</u>

WHEREFORE IT IS ORDERED that the defendants motion to dismiss (Dkt. #8) shall be, and it hereby is, DENIED.

IT IS FURTHER ORDERED that the debtor shall file a certified English translation of the Joint Venture Agreement and any statutory authority that the debtor intends to rely on, within twenty (20) days.

The defendants are granted twenty (20) days to file an answer to the complaint.

The pretrial hearing is scheduled for June 24, 2009 at 9:30 a.m. to consider this adversary proceeding, as well as the debtor's objection to Claim #7 (dkt. #54) and the defendants' answer (dkt. #79), which involve the same issue. The parties shall comply with the original pretrial order (dkt. #5) and file the pretrial report five (5) days prior to the hearing.

SO ORDERED.

San Juan, Puerto Rico, this 31st day of March, 2009.

BY THE COURT:

s/ Gerardo A. Carlo

_____

GERARDO A. CARLO
U.S. Bankruptcy Judge